APPENDIX D

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

LEONARD JEFFERSON, KEVIN MINEAR, ROBERT DICENZO, MICHAEL FEROLA, GARY DOYLE DAVID SIMS, JAMES E. McPARLIN, GEORGE E. HOSTETLER, WESLEY STINSON, JANE DEMAS, AND THE AMERICAN CIVIL LIBERTIES UNION-RHODE ISLAND AFFILIATE,

Plaintiffs

v.

C.A. No. 85-5003

JOHN J. MORAN, individually and in his capacity as Director, Department of Corrections, State of Rhode Island,

Defendant

CONSENT DECREE

1. The Defendant, individually and in his capacity as Director, Department of Corrections, State of Rhode Island, acknowledges that the Department is an agency within the meaning of R.I. Gen. Laws § 42-35-1(a) and that the Department is subject to Chapter 35 of Title 42 of the R.I. General Laws, as amended (the "APA").

2. Defendant and the Department of Corrections agree to comply with the provisions of the "APA" with respect to the adoption, amendment or repeal of any rule not specifically exempted under R.I. Gen. Laws § 42-35-1(g).

APPENDIX D

3. Defendant and the Department have heretofore promulgated certain operational memoranda which the Defendant and the Department concede "affect private rights or procedures available to the public" and are not exempt from the statutory definition of "rule" under the aforesaid § 42-35-1(g).

4. These memoranda were promulgated in the areas of visitation, mail, clergy and religious services, and investigation of potential employees. Within 120 days from the date of entry of this Consent Decree, the Defendant and the Department shall promulgate rules pursuant to the "APA" in said areas previously covered by Operational Memoranda Nos. 5.17.02-2, 5.13.10-1, 5.17.03-1, 5.06.03, 5.06.02, 5.06.01, and 7.04.03. Said promulgations shall serve to repeal and replace the operational memoranda heretofore cited. Until such time, these memoranda will remain in full force and effect and be binding upon all concerned.

5. With respect to R.I. Gen. Laws § 42-35-3(2), the Defendant and the Department further acknowledge that the Plaintiff, American Civil Liberties Union-Rhode Island Affiliate, is an association having not less than twenty-five members.

6. Within ninety (90) days from the date of entry of this Consent Decree, the Defendant and the Department shall, pursuant to R.I. Gen. Laws § 42-35-2(a)(1) and (2) adopt as a rule a description of the Department's organization and adopt

APPENDIX D

rules of practice. Also within the aforesaid time frame, the Defendant and the Department shall make available for public inspection all information required under R.I. Gen. Laws § 42-35-2(a)(3) and (4) and not specifically exempted § 42-35-1(g). In addition, the Defendant and the Department shall continue to make such materials available in the various prison libraries at the Adult Correctional Institution.

7. The parties hereby acknowledge and agree that it is not always reasonable to have oral hearings within the confines of the Adult Correctional Institutions, and that incarcerated prisoners have no right to leave the Adult Correctional Institutions in order to attend oral hearings under the "APA".

8. Plaintiffs and Plaintiff's attorneys waive any claim to attorney's fees or costs in this case, and no costs shall be awarded to any party.

PER ORDER:

[signature]
Clerk 12/12/85

ENTER:

[signature]
December 12. 1985

**APPENDIX D**

AGREED TO:

Plaintiffs,

By their Attorneys,

Douglas A. Giron

Normand G. Benoit
Douglas A. Giron
Rhode Island American
Civil Liberties Union
One Old Stone Square
Providence, Rhode Island 02903

Defendant,

By his Attorney,

Anthony A. Cipriano

Anthony A. Cipriano
Legal Counsel
R.I. Department of Corrections
75 Howard Avenue
Cranston, Rhode Island 02920



TOTAL P.05