**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**COREY DAY**

**v.** **C.A. No. 08-161 ML**

**ASHBEL T. WALL, et al.**

**MEMORANDUM AND ORDER**

Plaintiff Corey Day, *pro se*, is an inmate in the custody of the Rhode Island Department of Corrections in Cranston, Rhode Island. He alleges that he is a Muslim and the named defendants are violating his civil rights by actions including: (i) refusing to serve meals in accordance with the dictates of Islam; (ii) obstructing the performance of his daily prayer; (iii) harassing him because he is Muslim; and (iv) prohibiting him from wearing a skull cap as required by Islam. Currently before the Court is Plaintiff's motion for the Court to appoint counsel to represent him in the instant civil action.

In the appropriate case, the Court "may request an attorney to represent any person unable to afford counsel" in a civil action. 28 U.S.C. § 1915(e). However, there is no absolute constitutional right to a "free lawyer" in a civil case. DesRosier v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Absent exceptional circumstances, the Court cannot appoint counsel in a civil matter. Id. at 23. In

determining whether exceptional circumstances exist, the Court must examine the total situation, considering, *inter alia,* the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.

Here, I have reviewed Plaintiff's complaint and the motions that he has filed in this case. The issues presented in the complaint are not so complex that Plaintiff is unable to represent himself. Moreover, Plaintiff's filings demonstrate that he is able to present the facts and the issues himself. Accordingly, Plaintiff's motion to request the Court to appoint counsel is **DENIED.**

**IT IS SO ORDERED.**

Jacob Hagopian
Senior United States Magistrate Judge
May 13, 2008