**EMERGENCY MOTION** **EMERGENCY MOTION** **EMERGENCY MOTION**
**************** **************** ****************

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**COREY DAY**

**VS.** **C.A.NO. 08-161 ML**

**ASHBEL T. WALL, ET AL.** **EMERGENCY MOTION**
***********************

**MOTION FOR COURT ORDER**

Now comes the Plaintiff, Corey Day, in a Motion for Court Order, requesting that this court grant an order against the Adult Correctional Institution, allowing him to meet and interview a chief witness in the above mentioned case. This motion is an emergency due to the fact that the chief witness, Mr. Juan Evora is currently pending extradition to the Commonwealth of Virgina, which is due to take place any time during the next two weeks. The facts of this motion are as follows:

1. Mr. Juan Evora is a key witness in the above mentioned matter. He is identified as such in the complaint to this case.

2. Juan Evora and Plaintiff Corey Day were both housed in general population of the Maximum Security Facility. On May 26, 2008, Mr. Evora was transferred to the Segregation Housing Unit of the Maximum Security Facility, where he had no further ability to meet with Plaintiff Corey Day, or any other General Population inmates.

3. On May 27, 2008, Plaintiff Corey Day filed a request with the Warden of the Maximum Security Facility, requesting to meet with Mr. Evora. This request was made pursuant to Department of Corrections Policy **24.14-1 "Meeting Between Inmates to Discuss Active Lawsuits." (See Attached Policy).** Aside from Mr. Evora being the chief witness to the above matter, he and Plaintiff Corey Day are both Pro Se Co-Plaintiffs in another matter pending before the Court **(SEE: Islamic Sunni Ummah v. Ashbel T. Wall, et al., 08-094ML).**

4. On May, 29, 2008, the Warden responded to the request for meeting with a denial. **(See Attachment).**

5. Pursuant to Policy, Plaintiff Corey Day sought to file an Institutional Grievance. On June 2, 2008, he approached the Maximum Security Facility Grievance Coordinator to request the necessary Grievance Forms. The Grievance Coordinator denied the request for the grievance form stating that the grievance was just going to go before the Warden again who already denied it the first time.

6. Juan Evora's Rhode Island Prison sentence was due to expire on June 1, 2008. At that time he was set to be transfered to the DOC's Intake Service Center to await extradition to Virgina. At this current time, it is unknown where Mr. Evora's current location is within the Deparment of Corrections, or

if he is even still in the custody of Rhode Island.

7. As a result of the aforementioned facts, Plaintiff Corey Day files this motion.

Plaintiff Corey Day seeks an Emergency Order from the Court ordering the Rhode Island Department of Corrections to arrange for he and Mr. Juan Evora to meet as soon as possible , prior to Juan Evora's extradition, which may take place any day. It is vitally important that Plaintiff Corey Day be allowed to interview Evora as to new and additional facts that will greatly influence this case. If Plaintiff fails to meet with an interview Evora, it will undoubtedly cause serious irrepairable harm to this case, given that this is the final oppourtunity for Plaintiff and Evora to meet. It is unknown the duration of time Mr. Evora will spend in Virgina, or if he will take up permanent residence within the Commonwealth after his release. It was not known or anticipated by the Plaintiff that Juan Evora was to be extradited to the Commonwealth of Virgina or that his release from the Rhode Island Department of Corrections would takeplace so soon.

**WHEREFORE** the Plaintiff prays that this Honorable Court grant the Emergency Relief sought, and grant an order against the Rhode Island Department of Corrections, allowing Plaintiff and Juan Evora to meet as soon as possible, prior to Juan Evora's extradition to the Common Wealth of Virginia.

Repectfully Submitted,

Corey Day, Pro Se
P.O.Box 82~~73~~
Cranston, RI 02920

Date: 6/2/2008
@ 7:00 a.m.