**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**COREY DAY**

**v.** **C.A. NO. 08-161 ML**

**ASHBEL T. WALL, ET AL.**

**MEMORANDUM AND ORDER**

Judge Hagopian, Senior United States Magistrate Judge.

Plaintiff, Corey Day, *pro se*, is currently incarcerated at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island. Presently before the Court is plaintiff's "emergency motion" for a court order compelling the Rhode Island Department of Corrections ("DOC") to allow him to meet with and interview another prisoner, Juan Evora, whom he deems a key witness in the instant matter.[1] Docket # 7. For the reasons stated below, plaintiff's motion to compel is DENIED.

**BACKGROUND**

According to plaintiff, Evora was transferred out of the general population of the Maximum Security Facility of the ACI into the Segregation Housing Unit on May 26, 2008, and was thereafter unable to meet with plaintiff who remained a general population inmate. *Id.* On May 27, 2008, plaintiff filed a

[1] Plaintiff also claims that the meeting with Evora is essential to another case pending before the Court, C.A. No. 08-094 ML Islamic Sunni Ummah (Muslim Brotherhood) et al. v. Wall et al. (the "Group Case"), in which the two are co-plaintiffs and which raises virtually identical claims as the instant case.

request with the warden to meet with Evora. *Id.* Plaintiff made his request pursuant to DOC Policy 24.14-1, "Meeting Between Inmates to Discuss Active Lawsuits", which delineates circumstances under which inmates who are *pro se* co-plaintiffs may meet to discuss their joint legal claims.[2] *Id.* On May 29, 2008, the warden denied plaintiff's request, stating that the policy only allowed meetings between prisoners in the general population, and Evora did not meet that criteria. *Id.*

Plaintiff alleges that his case will suffer "serious and irreparable harm" unless he is able to meet with Evora to discuss "new and additional facts" that will greatly influence his pending suit. *Id.* Plaintiff claims his request is urgent because of Evora's impending extradition to a Virginia prison. *Id.*

**ANALYSIS**

**I. Alternative Methods Available**

Plaintiff argues that an emergency meeting between himself and Evora is essential to obtain the "new and additional facts" pertinent to his pending lawsuit. *Id.* However, I find plaintiff's urgency misplaced. Even if Evora is a key witness in plaintiff's lawsuit, other methods are available for obtaining information from him, such as, *inter alia*, written

[2] To the extent that plaintiff's motion relies on the DOC policy regarding co-plaintiff meetings, this motion is more appropriately raised under the Group Case in which he and Evora are co-plaintiffs. However, the reasoning set forth in this Memorandum and Order would apply equally to that case.

interrogatories and telephonic interviews. Fed.R.Civ.P. 26. These discovery mechanisms are available to plaintiff under the current situation and will be available if Evora is extradited.

**II. Deference to Prison Officials**

Additionally, this Court must show deference to the decisions of prison officials in matters relating to the management of their facility. *See, e.g., Jones v. North Carolina Prisoner's Labor Union, Inc.*, 433 U.S. 119, 128, 97 S.Ct. 2532 (1977) (the court must defer to prison officials' judgment for matters within their "province and expertise" unless there is evidence in the record that the prison officials' actions were exaggerated responses to prisoner conduct). Further, a prison regulation is valid "if it is reasonably related to penological interests." *Turner v. Safley*, 482 U.S. 78, 87, 107 S.Ct. 2254 (1987).

Here, the ACI prison officials denied plaintiff's request to meet with a fellow prisoner based on prison policy not to allow prisoners being held in disciplinary confinement to meet with prisoners in the general population. The decision and policy are not exaggerated responses to prison conduct, but appear reasonably related to the penological interest of

maintaining a safe prison environment.[3] Therefore the denial of plaintiff's request was within the prison officials' discretion.

**CONCLUSION**

In sum, I shall not compel the DOC to facilitate the requested meeting because (i) plaintiff has alternative means to obtain the information he is seeking and (ii) the decision is within prison management's expertise relating to the maintenance of the prison. Accordingly, plaintiff's motion to compel is DENIED.

**IT IS SO ORDERED.**

[signature]

Jacob Hagopian
Senior United States Magistrate Judge
Date: 20 June 08

[3] Again, to the extent that plaintiff claims a right to meet with his co-plaintiff in the Group Case, this Court has recognized the prison administration's authority to control and regulate the circumstances and manner in which prisoners may meet to discuss joint legal claims via considered rule-making. *Dooley v. Quick*, 598 F.Supp. 607, 618 (D.R.I. 1984).