UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COREY DAY, PLAINTIFF

VS. CIVIL ACTION NUMBER: 08-161ML

ASHBEL T. WALL, ET AL., DEFENDANTS

## MOTION FOR JUDGEMENT OF DEFAULT

Plaintiff moves this court for a judgement by default in this action, and shows that the complaint in the above case was filed with this court on approximately April 28, 2008.

The Plaintiff was granted In Forma Pauperis status on May 13, 2008. The only means that was provided by the court, to effectuate service by an indigent litigant, was by means of sending the Defendants, A.C.I. employees, a copy of the complaint and Notice of Lawsuit and Request for Waiver of Service of Summons forms, via A.C.I. inter-departmental mail. **SEE: APPENDIX A.**

On May 21, 2008, Plaintiff sent a copy of the Complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of Summons forms to each of the five named Defendants in this matter, all A.C.I. employees, via inter-departmental mail, per the court's instruction. **SEE APPENDIX C.**

The Defendants were provided with 30 days to return the signed Waiver of Summons forms. At the expiration of that 30 day period, the Plaintiff filed a motion with the court, on approximately July 7, 2008, requesting that Service of Process be effectuated by the United States Marshals Service. As

of the current date, Plaintiff has not recieved any response from the court to that motion.

The Defendants are not in the military service and are not infants or incompetents as appears in the declaration of the Plaintiff submitted herewith. **SEE: APPENDIX B.**

The indigent Plaintiff has no other availble means with which to effectuate service of process upon the Defendants.

**WHEREFORE,** plaintiff moves that this court make and enter a judgement of default, pursuant to Rule 55 of the Federal Rules of Civil Procedure, ordering the Defendants to:

1. Provide the Plaintiff with meals that meet adequate nutrition standars and are in accordance with the dietary laws of the Plaintiff's sincerely held religous beliefs. Including serving the Halal (Islamically Lawful) meat that is required by the Plaintiff's religon, and not just an inadequate meat substitute that does not even meet the most basic standards of nutrition.

2. Allow the Plaintiff to pray openly in accordance with his religous beliefs, in the yard, gym, activities building, cell block, recreation areas, Mosques, and in the Plaintiff's cell. As well as allowing the Plaintiff to access the prison Mosque during recreation periods, when the time for the Plaintiff's prayers come in during those recreation periods.

3. Allow the Plaintiff to wear his religous Kufi (head covering), as is obligatory in his religon. Just as other groups are allowed to wear their religous decorum, and as other inmates are allowed to wear base-ball hats, knit hats, etc..

4. Compensatory damages in the form of returning back to the policy of serving Halal (Islamically Lawful) food to the Muslims and not just an inadequate meat substitute.

5. Punitive damages in the amount the Honorable Court finds just and proper againts the Defendants jointly and severally.

6. A permanent injunction against the Defendants on items 1-5 listed above.

7. Plaintiff's costs in this suit.

8. Any additional relief this court deems just and proper and equitable.

In the alternative, the Plaintiff seeks any other relief that this court deems just and proper with which to effectuate service of process. If the court so provides the indigent plaintiff with other means to effectuate service, then the Plaintiff would request that this court grant an extension of time with which to effectuate service, under Rule 4, past the 120 day period which will soon expire.

A copy of this motion and notice of this request for default judgement has been sent, via inter-departmental mail, to each of the named Defendants, and their attorney. **SEE: APPENDIX D.**

Respectfully Submitted,

DATE: 8-11-08

Corey A. Day
P.O. Box 8273
Cranston, RI 02920